**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-51030
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JOSE SOTO-MACIEL, also known as, Jose Macias,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-1393-ALL

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose Soto-Maciel pleaded guilty to a one-count indictment charging him with illegal reentry. The district court imposed a sentence of forty-six months, the lowest in Soto-Maciel's correctly calculated guidelines range of imprisonment.

Soto-Maciel argues that his sentence is not entitled to an appellate presumption of reasonableness because it was calculated pursuant to United States Sentencing Guidelines Manual § 2L1.2, which he argues is not supported

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by empirical evidence. We have squarely rejected the proposition that an appellate presumption of reasonableness does not apply to guidelines sentences under § 2L1.2. *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). Soto-Maciel's sentence is presumptively reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

Soto-Maciel also argues that his sentence is substantively unreasonable because the district court could not consider the disparity that results from fast-track early disposition programs. Soto-Maciel correctly acknowledges that this issue is foreclosed by *United States v. Gomez-Herrera*, 523 F.3d 554, 563 & n.4 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008).

Soto-Maciel argues that his sentence is substantively unreasonable based on his cultural assimilation, the age of his robbery conviction, and his rationale for illegally reentering this country, notwithstanding that any fast-track disparity is warranted and notwithstanding the applicability of the appellate presumption of reasonableness. In reviewing a sentence, we normally "consider[] the 'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.'" *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008) (quoting *Gall v. United States*, 128 S. Ct. 586, 597 (2007)). We do not decide whether Soto-Maciel's numerous arguments in the district court for a below-guidelines sentence preserved review of his sentence for reasonableness rather than for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2959 (2008). Soto-Maciel's sentence is affirmed under either standard.

The district court explained that it selected what it determined to be a fair and reasonable sentence based upon Soto-Maciel's individual circumstances and the case against him. It further explained that it was guided by the goals of the Sentencing Guidelines and the factors of 18 U.S.C. § 3553(a). Soto-Maciel has not rebutted the presumption that his sentence is reasonable, shown that the

district court abused its discretion by imposing a sentence at the low end of the properly calculated guidelines range, or demonstrated plain error.

AFFIRMED.